UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | | |
|---|---|---|
| JESUS CALA<br>Institutional ID No. 28943-054,<br><br>Plaintiff,<br><br>v.<br><br>FEDERAL CORRECTION INSTITUTION,<br>*et al.*,<br><br>Defendant. | § § § § § § § § § § § § § | <br><br><br><br><br>CIVIL ACTION NO.<br>1:09-CV-065-BL<br>ECF<br><br><br><br>Assigned to U.S. Magistrate Judge |

**ORDER TO DISMISS WITH PREJUDICE AS FRIVOLOUS**

Plaintiff, a federal prisoner previously confined to Big Spring Correctional Center ("BSCC") in Big Spring, Texas, and currently residing in Tampa, Florida, is proceeding *pro se* and *in forma pauperis*. This court treats the complaint as filed pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).[1] *See Stephenson v. Reno*, 28 F.3d 26, 26 n.1 (5th Cir. 1994). Plaintiff alleges that Cornell, Inc.; Balinao; and the wardens and medical staff of BSSC[2] failed to provide him with medical treatment and subjected him to deliberate indifference to his serious medical needs.

---

[1] Plaintiff describes his complaint as one under the Federal Tort Claims Act. However, Plaintiff indicated that he is primarily seeking injunctive relief in the form of release from detention and surgical repair of his hernia. Plaintiff also asked to include Cornell, Inc., Glenn Balinao, all wardens and the medical staff of BSCC as Defendants in this matter. The court therefore treats this as a complaint under *Bivens* and the Federal Tort Claims Act ("FTCA"), 28 USC § 1346(b).

[2] Plaintiff testified that the Defendants named in this case further include Federal Correctional Institution in Forrest City, Arkansas ("FCI Forrest City"), UNICOR department; and Federal Correctional Complex - Complex, Florida, UNICOR department.

The court entered an Order Setting Evidentiary Hearing on October 27, 2009 (Doc. 22), setting an evidentiary hearing pursuant to *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985) and 28 U.S.C. § 1915 and requiring BSCC officials to provide authenticated copies of Plaintiff's records relevant to the claims in Plaintiff's complaint. Plaintiff appeared at the hearing and, through an interpreter, testified in his own behalf. In his complaint, Plaintiff consented to having the United States magistrate judge conduct all proceedings in this case pursuant to 28 U.S.C. § 636(c).

The court has reviewed Plaintiff's complaint pursuant to 28 U.S.C. §§ 1915 and 1915A.

**I.   BACKGROUND**

In his complaint and in his testimony, Plaintiff alleges that:

1. Plaintiff was injured and sustained a hernia in 2000, while working in the UNICOR department at FCI - Forrest City, where he was confined from 1999 through 2004.

2. In May, 2004, Plaintiff was transferred to Federal Correctional Complex - Coleman, Florida ("FCC Coleman").

3. While at both of these institutions, Plaintiff was prescribed over-the-counter pain medications. Plaintiff was also issued a hernia belt sometime around 2005. Plaintiff was seen by a physician and believed surgery was scheduled; however, surgical repair of the hernia did not occur.

4. Plaintiff was transferred to BSCC on September 20, 2007.

5. Plaintiff was prescribed over-the-counter pain medications and was initially assigned to a bottom bunk. Plaintiff continued to use a hernia belt.

6. Plaintiff's medical restrictions were changed. Plaintiff is no longer assigned to a bottom bunk.

7. Plaintiff filed various cop-outs and BP-9s while confined, but has not filed a BP-10.

8. Plaintiff testified that he believes that surgical repair of his hernia is appropriate. Plaintiff indicated that surgery is the primary relief that he seeks.

9. The various medical providers who have treated Plaintiff disagreed as to whether his hernia is reducible. Plaintiff has requested surgery several times, but his requests have been denied. Glenn Balinao most recently denied Plaintiff's request.

Plaintiff is seeking an award of damages and injunctive relief.

## II.  ANALYSIS

In both proceedings *in forma pauperis* and civil actions brought by a prisoner against a governmental entity, officer, or employee, the court is required under 28 U.S.C. §§ 1915-1915A to dismiss the complaint or any portion of the complaint if the complaint is frivolous or malicious or fails to state a claim on which relief may be granted. These provisions thus apply to this *in forma pauperis* prisoner civil rights action. *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999). "An [*in forma pauperis*] complaint may be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) if it has no arguable basis in law or in fact." *Ruiz v. United States*, 160 F.3d 273, 274-75 (5th Cir. 1998). A claim has no arguable basis in law or fact if it is based on an indisputably meritless legal theory or if, after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless. *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998). The court is authorized *sua sponte* to test whether the proceeding is frivolous or malicious even before the service of process or before an answer is required to be filed. *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990); *see also* 42 U.S.C. § 1997e(c)(1). A questionnaire or evidentiary hearing may be used to assist the court in determining whether the case should be dismissed under these provisions. *See Watson v. Ault*, 525 F.2d 886, 892 (5th Cir. 1976) (use of questionnaire to develop the factual basis of the plaintiff's complaint); *Spears*, 766 F.2d 179 (use of an evidentiary hearing).

The court, having conducted a review of Plaintiff's complaint pursuant to 28 U.S.C. § 1915(d), finds that Plaintiff has failed to state cognizable constitutional claims for deliberate indifference to his serious medical needs against any of the Defendants.

**A.      Personal Involvement and Official and Supervisory Capacity Claims**

In order to state a cause of action under section 1983, the plaintiff must identify defendants who were either personally involved in the constitutional violation or whose acts are causally connected to the constitutional violation alleged. *Woods v. Edwards*, 51 F.3d 577, 583 (5th Cir. 1995). Personal involvement is an essential element of a civil rights cause of action. *Thompson v. Steele*, 709 F. 2d 381, 382 (5th Cir. 1983). Supervisory officials may be held liable only if they (i) affirmatively participate in the acts that cause constitutional deprivations; or (ii) [they] implement unconstitutional policies that causally result in plaintiff's injury." *Mouille v. City of Live Oak, Tex.*, 977 F. 2d 924, 929 (5th Cir. 1992). Vicarious liability does not apply to § 1983 claims. *Pierce v. Tex. Dep't Of Crim. Justice, Institutional Div.*, 37 F. 2d 1146, 1150 (5th Cir. 1994). Plaintiff's complaint and testimony demonstrate that the wardens of BSCC were not personally involved in the alleged constitutional deprivations. The court finds that Plaintiff has failed to state cognizable constitutional claims against the wardens of BSSC, based on their supervisory capacities, and the claims against them should be **DISMISSED WITH PREJUDICE AS FRIVOLOUS**.

**B.      Deliberate Indifference to Serious Medical Needs**

Plaintiff alleges that the Defendants have been deliberately indifferent to his serious medical needs, arguing that he should be provided with surgical hernia repair for the hernia he sustained in 2000.

In order to state a claim under § 1983, a plaintiff must (1) allege a violation of a right secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was

committed by a person acting under color of state law. *Moore v. Willis Indep. Sch. Dist.*, 233 F.3d 871, 874 (5th Cir. 2000).

It is well settled that the Eighth Amendment to the Constitution protects inmates from "conditions so serious as to deprive [them] of the minimal measure of life's necessities." *Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999). In the context of medical care, or lack of care, the Eighth Amendment prohibits the unnecessary and wanton infliction of pain or care repugnant to the conscience of mankind. *Estelle v. Gamble*, 429 U.S. 97, 104-06 (1976). Not every claim of inadequate or improper medical treatment is a violation of the Constitution. *Estelle*, 429 U.S. at 105-07. In order to state a cognizable claim, "a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Id.* at 106. "To violate the Cruel and Unusual Punishment Clause, a prison official must have a 'sufficiently culpable state of mind." *Hall v. Thomas*, 190 F.3d 693, 698 (5th Cir. 1999) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A complainant must show that a prison official's state of mind was "one of 'deliberate indifference' to inmate health or safety." *Farmer,* 511 U.S. at 834. "The deliberate indifference standard is a subjective inquiry; the plaintiff must establish that the jail officials were actually aware of the risk, yet consciously disregarded it." *Lawson v. Dallas County*, 286 F.3d 257, 262 (5th Cir. 2002). Thus, the prison official must "know of and disregard [the] excessive risk to inmate health or safety." *Hall*, 190 F.3d at 697 (citations and brackets omitted). Moreover, "the facts underlying a claim of 'deliberate indifference' must *clearly evince* the medical need in question and the alleged official dereliction." *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985) (citing *Woodall v. Foti*, 648 F.2d 268 (5th Cir. 1981)). "The legal conclusion of 'deliberate indifference,' therefore, must rest on facts clearly evincing 'wanton' actions on the part of the defendants." *Id*.

The deliberate indifference requirement is more than mere negligence in failing to supply medical treatment. *Gibbs v. Grimmette*, 254 F.3d 545, 549 (5th Cir. 2001). A complaint "that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment." *Hall*, 190 F.3d at 697 (citing *Estelle*, 429 U.S. at 105). Neither "'negligence, neglect, or medical malpractice'" gives rise to a § 1983 cause of action. *Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991) (citing *Johnson*, 759 F.2d at 1238). "[N]egligent or mistaken medical treatment or judgment does not implicate the Eighth Amendment and does not provide the basis for a civil rights action." *Graves v. Hampton*, 1 F.3d 315, 319 (5th Cir. 1993). A negligent or "inadvertent failure to provide adequate medical care cannot be said to constitute 'an unnecessary and wanton infliction of pain' or to be 'repugnant to the conscience of mankind.'" *Estelle*, 429 U.S. at 105-06. While inadequate treatment "may, at a certain point, rise to the level of a constitutional violation, malpractice or negligent care does not." *Stewart v. Murphy,* 174 F.3d 530, 534 (5th Cir. 1999). Thus, mere "negligence is insufficient to support a finding of liability"; the Plaintiff must show that the Defendants were "deliberately indifferent." *Adames v. Perez*, 331 F.3d 508, 514 (5th Cir. 2003).

Deliberate indifference is also more than disagreement between patient and doctor as to the appropriate treatment, except in exceptional circumstances. *Banuelos v. McFarland*, 41 F.3d 232, 235 (5th Cir. 1995) (absent exceptional circumstances, a prisoner's disagreement with his medical treatment is not actionable under § 1983). Moreover, "[u]nsuccessful medical treatment does not give rise to a § 1983 cause of action." *Varnado*, 920 F.2d at 321 (citing *Johnson*, 759 F.2d at 1238); *Fielder v. Bosshard*, 590 F.2d 105, 107 (5th Cir. 1979).

Rather, to show deliberate indifference to his serious medical needs, the Plaintiff must demonstrate that prison officials "refused to treat him, ignored his complaints, intentionally treated

him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Domino v. Tex. Dep't of Crim. Justice*, 239 F.3d at 756 (quoting *Johnson*, 759 F.2d at 1238). Medical records of sick calls, examinations, diagnoses, and medications may rebut an inmate's allegations of deliberate indifference. *Banuelos*, 41 F.3d at 235 (citing *Mendoza v. Lynaugh*, 989 F.2d 191, 193-95 (5th Cir.1993)).

Plaintiff testified that he was treated by medical personnel at each of the institutions he was confined to. Plaintiff testified that he was give a hernia belt, pain medication, and was also given certain medical restrictions for various periods of time. Plaintiff testified that he submitted various sick calls and cop-outs, and was treated by nurses, doctors, and physicians' assistants. Plaintiff's allegations fail to demonstrate that the Defendants refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs. *Domino*, 239 F.3d at 756. Plaintiff's allegations of negligence or medical malpractice are insufficient to support a finding of liability. Negligence does not give rise to a § 1983 cause of action, and to the extent to which Plaintiff claims that the FCI Forrest City, FCC- Coleman, or BSCC staff and medical personnel were negligent in providing him treatment, the allegations of negligence are insufficient to support a finding of liability. *Varnado*, 920 F.2d at 321.

Plaintiff testified that he was treated with medications, certain restrictions, and was issued a hernia belt. He also testified that nurses would assist him in pushing the hernia back in, as needed. Even if Plaintiff was not satisfied with the level of relief provided by the prescribed treatments, "[u]nsuccessful medical treatment does not give rise to a § 1983 cause of action." *Varnado*, 920 F.2d at 321. Plaintiff's allegations demonstrate that he was provided treatment for his medical needs, including medication, a hernia belt, and examinations by medical personnel, including

specialists.  Plaintiff's disagreement with the type of medical care provided is actionable under § 1983 only if there were exceptional circumstances.  *See Varnado*, 920 F.2d at 321.  Plaintiff does not demonstrate that any exceptional circumstances were present. Any dissatisfaction with the results of his treatment and a desire to find more efficacious treatment do not demonstrate deliberate indifference to Plaintiff's serious medical needs, and his allegations fail to demonstrate any other conduct that clearly evinces a wanton disregard for any serious medical needs by any of the Defendants.  *Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir. 1997); *Domino*, 239 F.3d at 756.

   Plaintiff argues that he should have been provided with surgical hernia repair.  Plaintiff's disagreement with the types of treatment provided or allegations of medical malpractice or negligence do not rise to the level of a constitutional claim for deliberate indifference to his serious medical needs.  The decision whether to provide additional treatment or of what specific treatment to provide "is a classic example of a matter for medical judgment." *Estelle*, 429 U.S. at 107; *Domino*, 239 F.3d at 756.   Plaintiff's disagreement with medical officials of the Marshals Service as to the type of care needed does not provide the basis for a claim of deliberate indifference to Plaintiff's serious medical needs, as there are no exceptional circumstances in this case.

Plaintiff alleges that he experienced a delay in his medical treatment in that it he was not given blood tests nor specialized treatment until he was confined to BSCC.  In order to make a viable claim for delayed medical treatment there must have been deliberate indifference which results in harm.  *Mendoza*, 989 F.2d at 193.  Plaintiff's allegations, accepted as true, demonstrate neither deliberate indifference nor any additional harm.

Having fully considered Plaintiff's allegations in his complaint, and his testimony, the court finds that Plaintiff has failed to state a cognizable constitutional claim for deliberate indifference to his serious medical needs against any Defendant.  Therefore, Plaintiff's claims against all

Defendants for deliberate indifference to his serious medical needs should be **DISMISSED WITH PREJUDICE AS FRIVOLOUS**.

      B.      **Official Capacity Claims**

Plaintiff has not indicated whether asserts his claims against each of the Defendants in their official and individual capacities. The court has already found that each of Plaintiff's claims asserted against these Defendants should be dismissed with prejudice as frivolous.

Suits against federal officials under *Bivens* may only be asserted in his or her individual capacity. *Bivens*, 510 U.S. at 485. Plaintiff's claims against the Defendants in their official capacities and against the Bureau of Prisons are barred by the doctrine of sovereign immunity. *See Correctional Services Corp. v. Malesko*, 534 U.S. 61, 71-72 (2001) (wherein the Supreme Court noted that "the purpose of *Bivens* is to deter individual federal officers from committing constitutional violations," not to deter a federal agency or the United States)**.** Therefore, Plaintiff's *Bivens* claims asserted against the Defendants in their official capacities and against the Bureau of Prisons and the Marshals Service for an award of money damages lack an arguable basis in law or fact and should be **DISMISSED WITH PREJUDICE AS FRIVOLOUS**.

      C.      **FTCA claims**

Plaintiff indicates that he seeks an award of damages under the FTCA. Such claims may not be brought against a federal agency or individual; a plaintiff must instead name the United States as the sole defendant. *See Galvin v. OSHA*, 860 F.2d 181, 183 & n.3 (5th Cir. 1988). In addition, Plaintiff testified that he had not exhausted his administrative remedies. The court, therefore, finds that Plaintiff's claims under the FTCA should be **DISMISSED WITHOUT PREJUDICE**.

### III. CONCLUSION

The court has considered Plaintiff's allegations in his complaint, as well as his testimony. The court finds that Plaintiff has failed to state cognizable constitutional claims against any Defendant on his claims that he was subjected to deliberate indifference to his serious medical needs, as asserted against the named Defendants in their individual, official, or supervisory capacities. The court further finds that Plaintiff's claim under the FTCA should be dismissed without prejudice because the United States is not named as the sole Defendant in this matter and Plaintiff testified that he has not exhausted his administrate remedies.

**IT IS, THEREFORE, ORDERED** that Plaintiff's claims for deliberate indifference to Plaintiff's serious medical needs, as asserted against all Defendants, based on their supervisory, official, or individual capacities, are **DISMISSED WITH PREJUDICE AS FRIVOLOUS**.

**IT IS FURTHER ORDERED** that Plaintiff's claims under the FTCA are **DISMISSED WITHOUT PREJUDICE**.

Judgment shall be entered accordingly. This dismissal shall count as a qualifying dismissal under 28 U.S.C. § 1915(g) and *Adepegba v. Hammons*, 103 F.3d 383 (5th Cir. 1996). Dismissal of this action does not release Plaintiff or the institution where he is incarcerated from the obligation to pay any filing fee previously imposed. *See Williams v. Roberts*, 116 F.3d 1126, 1128 (5th Cir. 1997).

Any pending motions are **DENIED**.

A copy of this order shall be sent by first class mail to all parties appearing *pro se* and to any attorney of record by first class mail or electronic notification.

-11-

**SO ORDERED.**

DATED this 1st day of September, 2011.

_____
E. SCOTT FROST
UNITED STATES MAGISTRATE JUDGE